ALFRED L. FARMER v. EDWARD W. HALEY ET AL.

October Term, 1926.

Present: WATSON, C. J., POWERS, SLACK, and FISH, JJ., and MOULTON, Supr. J.

Opinion filed November 4, 1926.

*Schools and School Districts—Authority of Town Manager To Purchase Supplies—Town and Town School District Separate Entities—Exclusive Power of School Directors To Purchase School Supplies—Repairs to School Buildings and School Property—Orders in Payment of Repairs—School Janitor Service—Financial Accounting in School Matters— Right of Town Manager to Books and Vouchers—Limitation of Right of Treasurer To Pay Orders Drawn for Repairs.*

1. Under G. L. 4058, as amended by Acts of 1921, No. 103, paragraph III, town manager has authority to purchase supplies for departments of town only, and not for school district, in view of G. L. 1327, 1192, 1195, and 1196, as amended by Acts 1921, No. 46.

2. Town and town school district are corporate entities, separate and distinct from each other.

3. Under G. L. 1327, 1192, 1195, and 1196, as amended by Acts 1921, No. 46, school directors have exclusive authority to purchase supplies for town school districts, and powers conferred by G. L. 4058, as amended by Acts 1921, No. 103, on town manager do not necessitate approval of such orders by him.

4. Under G. L. 4058, as amended by Acts 1921, No. 103, paragraph IV, and G. L. 4060, town manager has duty, formerly devolving upon school directors under G. L. 1192, of making necessary repairs on school buildings and other school property to keep same in suitable condition for purpose for which intended, irrespective of sanction or approbation of school directors.

5. Town manager not having been given authority to draw orders on school fund, orders for repairs on school buildings or other school property must be drawn by school directors.

6. Acts 1921, No. 103, paragraph IV, transferring charge of school buildings to town manager does not clothe him with authority

to hire janitors therefor, but matter is left with school directors as incidental to major duty still resting upon them of properly conducting and managing schools, under provisions of general school laws.

7. Under G. L. 4060, and Acts 1921, No. 103, paragraph VII, town manager must do all financial accounting otherwise required of school directors in reports made pursuant to provisions of G. L. 1195, and G. L. 1196, as amended by Acts 1921, No. 46, although other information and recommendations required of school directors by those statutes must still be furnished by them.

8. Town manager being required to do financial accounting pertaining to schools, is entitled to such books, receipts, vouchers, and other papers as school directors may have which are reasonably necessary to enable him to perform such duty.

9. Town manager, having charge and oversight of all repairs on school buildings and other school property, town school district treasurer has no authority to pay orders drawn for repairs unless and until same are approved by town manager.

PETITION for writ of mandamus, preferred to the Supreme Court for Windsor County, after the May Term, 1926, and heard at the October Term, 1926, on petition, answers, and depositions. The opinion states the case. *Writ issued.*

*Herbert G. Tupper* for petitioner.

*Gilbert F. Davis* and *Fenton, Wing & Morse* for the petitionees.

SLACK, J. This is a petition for a writ of mandamus. The relator is, and since April 1, 1926, has been, the general town manager for the town of Windsor, duly appointed pursuant to the provisions of G. L. Ch. 174. The defendants, Haley, Francher, and Cooper are, and during the time aforesaid were, the duly elected and qualified school directors for the town school district of Windsor, and the defendant Tracy is, and during such time was, the treasurer of such school district. The case is here on the pleadings and evidence taken pursuant to an order for that purpose. The principal questions raised relate to the authority of the relator, as such general town manager, to take

over and perform and discharge certain duties which prior to his appointment devolved upon the school directors.

The relator claims that under and by virtue of the provisions of G. L. Ch. 174, as amended by Act No. 103 of the Laws of 1921, which will be referred to as the Town Manager Act, purchases of supplies for the town school district can be made only upon requisition therefor made upon him; that it is his duty to take charge of and supervise all school buildings and other school property of such district, and all repairs thereon; hire necessary janitors, and do all accounting of such district. This claim is predicated upon the provisions of paragraphs III, IV, and VII of the Acts of 1921, which is an amendment of G. L. 4058. The amendatory act provides that:

"Said manager shall have authority and it shall be his duty:

"III. To be the general purchasing agent of the town and purchase all supplies for every department thereof; and purchases of supplies for departments over which said manager is not given control shall be made only upon requisition therefor by said departments.

"IV. To have charge and supervision of all public, town and school buildings and other town and school property and of all repairs thereon; and all building done by the town or town school districts shall, unless otherwise specially voted, be done under his charge and supervision.

"VII. To do all accounting for all of the departments of the town and of the town school district."

It is not claimed that the relator derives any authority from other provisions of such act, but it will be necessary to notice some of them in arriving at the legislative intent respecting the provisions in question.

No question is made but that all of the duties which the relator claims devolve upon him were, prior to his appointment, imposed upon the school directors, either by express statute or by necessary implication. See G. L. sections 1327, 1192, 1195, and 1196, as amended by Act No. 46, Laws 1921.

It follows, of course, that all of such duties as are not transferred to the town manager by the Town Manager Act, either in express terms or by necesary implication, or such duties as are

incidental to those so transferred, remain with the school directors.

[1-3]  We are unable to find support for the relator's claim that purchases of supplies for the town school district shall be made only upon requisition therefor made upon him. The language of the last clause of paragraph III (quoted above) upon which he bases his claim cannot, as we shall see, be construed to apply to town school districts. When the different clauses of this paragraph are read together, as they must be, it seems plain that the departments mentioned in the last clause are departments of the town, which, as was held in *North Troy School District* v. *Town of Troy*, 80 Vt. 16, 16 Atl. 1033, is a corporate entity separate and distinct from the town school district.

That the Legislature was aware that towns and town school districts were separate and distinct corporate entities, either from its knowledge of the holding in the North Troy Case, which was decided in 1907, or from information acquired elsewhere, is apparent from the fact that each corporate entity is specifically mentioned in paragraphs I, IV, and VII of the amendatory act. Having this knowledge of the status of these two corporate entities to each other had the Legislature intended to make the town manager the purchasing agent for the town school district it would undoubtedly have said so in more apt and unmistakable language than is used in paragraph III. We think that paragraph means simply this: The town manager is to purchase all supplies for every department of the *town*. Over some of the departments he is given control, and over other departments he is not given control. His authority to purchase for the former is unlimited, but as to the latter he can purchase only upon requisition of the department. In other words, in the purchase of supplies for departments over which he is given control, he acts on his own initiative; while in the purchase of supplies for the other departments he acts only after such departments have determined what supplies are necessary and have made requisition therefor. These provisions all relate to departments of the *town*. The town school district is no more a department of the town than is the town a department of the town school district. Neither is in any sense a department of the other. This being so, relator's claim respecting the purchase of supplies for the town school district fails. Undoubtedly, as claimed, the pur-

pose of the Town Manager Act was to secure greater efficiency and economy in the administration of municipal affairs; and very likely some of the more expensive supplies like fuel, lights, etc., could be obtained more advantageously if purchased in conjunction with the purchase of like supplies for the town, but these are matters for the consideration of the Legislature, and, until it wills otherwise, the authority to purchase supplies for town school districts must be held to rest exclusively with the school directors. It follows that orders drawn in payment for such supplies need not be approved by the town manager.

[4, 5] We next inquire concerning the authority conferred upon the town manager by the provisions of paragraph IV of the Acts of 1921. Under the general school law, care of the school property of town school districts is entrusted to the school directors, and they are to keep the schoolhouses in suitable repair. G. L. 1192. By paragraph IV of the Acts of 1921 the town manager is given "charge and supervision" of all public school buildings and other school property, and all repairs thereon. So far as the provisions of the former statute are inconsistent with those of the latter the former are suspended and the powers, duties, and liabilities imposed by the former upon the school directors are conferred and imposed upon the town manager. G. L. 4060. The defendants, in effect, concede that under the provisions of the Town Manager Act in question the town manager has the direct charge and supervision of all such repairs to school buildings and property as the school directors consider necessary to keep such property in suitable repair. But it is urged that the school directors still have the care of the buildings and other property of the town school district, and the right to determine what repairs shall be made thereon. In support of the claim that they are to determine the nature and extent of repairs to be made, it is urged that they alone can determine what part of the entire school fund is available for that purpose after providing for other necessary demands upon such fund, like salaries, fuel, lights, etc. We think that the provisions of the Town Manager Act in question confer upon the town manager the care of the school buildings and other property of the town school districts. He is given "charge and supervision" of such property, and all repairs thereon. According to Webster's New International Dictionary *charge* means, "A duty or task laid upon a person; custody or care of any person, thing,

or place; office; responsibility; oversight; obligation.'' And, according to the same authority, *supervision* means, ''Act of overseeing; inspection; superintendence; oversight.'' Having the charge, or care, and supervision of such school building and other school property and all repairs thereon, it is his duty to make such repairs as may from time to time become necessary to keep such buildings and property in suitable condition for the purpose for which it is intended irrespective of the sanction or approbation of the school directors. This does not mean that he must make such repairs himself or that he must personally purchase all materials required therefor,—such matters of minor importance may be delegated to the janitor or to anyone else,— but the town manager is the one who by statute is made responsible for such repairs. Since he is not given authority to draw orders on the school fund, it necessarily follows that orders for such repairs must be drawn by the school directors. But this should not, nor will it be assumed that it will, result in any difficulty. It is to be assumed that the same spirit of cooperation will exist between the town manager and the school directors, when their rights and duties are ascertained, as is necessarily relied upon in the daily administration of municipal affairs.

[6] We do not think that the Legislature intended by this provision to interfere with the duty otherwise reposed in the school directors of hiring janitors for the school buildings. The school directors are authorized to divide the weeks that constitute a school year into terms, fix the number of days that constitute a school week and the number of hours that constitute a school day (G. L. 1242), they know when the schools will be in session, and for this reason, as well as for others, are in a better position to know when janitor services will be required and the nature and extent of such services than anyone else. While the fact that the charge of the school buildings is transferred to the town manager lends support to the claim that he is to provide janitor service for such buildings, we think that the employment of such help is incidental to the major duty which still rests with the school directors,—that of properly conducting and managing the schools. In short, the line of demarcation between the duties of the town manager and those of the school directors seems to be that the former is to keep the school buildings and other school property in suitable repair at all times for school purposes, and that the school directors shall step in at that

point and conduct the schools in all respects as they otherwise would under the provisions of the general school laws, and we so hold.

[7]    Paragraph VII of the Acts of 1921 expressly provides in unmistakable terms that the town manager shall do all accounting of the town school district. This we construe to mean the financial accounting otherwise required of the school directors in the reports made pursuant to the provisions of G. L. 1195 and G. L. 1196 as amended by Act No. 46 of the Laws of 1921. Other information and recommendations required of the school directors by those statutes must still be furnished by them. In answer to defendants' claim that the duty of accounting devolves upon the school directors and that they are liable therefor, it is enough to say that such duty and liability is imposed upon the town manager by G. L. 4060.

[8]    Since the town manager is required to do such accounting, it follows that he is entitled to such books, receipts, vouchers, and other papers as the school directors have, or may have, in their possession as are reasonably necessary to enable him to perform such duty.

[9]    It appears from the pleadings and proof that the defendant Tracy, as treasurer of the town school district, has paid two or three small orders drawn by the school directors for repairs made or authorized by them since the appointment and qualification of the relator as general town manager, without the latter's approval. Since the relator as general town manager has charge and oversight of all repairs on the school buildings and other school property, the treasurer has no authority to pay orders drawn for such work, unless and until the same are approved by the town manager.

This disposes of all questions for consideration.


*Judgment that a mandamus issue directed to the said Haley, Francher, and Cooper, as school directors of the town school district of Windsor, commanding them to forthwith turn over to the relator, as town manager of the town of Windsor, all books, receipts, vouchers, and other papers pertaining to the financial affairs of said school district since April 1, 1926, and further commanding them to make no repairs upon the school buildings or other school property of said district during such time as the town shall operate under the town manager system, unless*

*authorized so to do by the town manager, and that they draw no orders for repairs made on such buildings or other property except for repairs made or authorized by such town manager; that a like mandamus issue directed to the said Tracy, as treasurer of the said school district, commanding him not to pay any orders drawn on him as such treasurer for repairs made on the school buildings or other school property of said district during such time as the town shall operate under the town manager system unless such orders are approved, or authorized, by the town manager. Let the relator recover his costs. Let this mandate become effective at once. Let a certified copy hereof be forthwith served on each defendant.*