## HARTFORD BOARD OF LIBRARY TRUSTEES v. TOWN OF HARTFORD

[816 A.2d 512]

No: 02-207

November 21, 2002. This appeal concerns a dispute between the Hartford Board of Library Trustees and the Hartford Town Manager over who has the authority to set the level of compensation for the town librarian. The Board appeals the superior court's ruling that Vermont statutory law authorizes the Town of Hartford, and in particular the town manager, to exercise control over the librarian's employment, including her salary and benefits. We conclude that Vermont law, as applied to the facts of this case, gives library trustees the final say over such matters, and therefore reverse the superior court's decision.

The West Hartford Municipal Library is a town library governed by an elected board of trustees. See 22 V.S.A. §§ 101-146 (distinguishing between incorporated and municipal libraries). The present dispute arose when the Hartford Select Board and town manager (hereinafter the Town) reduced the librarian's salary after the Board of Library Trustees had

given her a raise. The trustees believed that the Town had usurped the Board's authority, not only by lowering the librarian's salary and reducing her vacation days, but also by processing library requisitions through the town treasurer and negotiating bulk utility rates that predetermined which phone company and fuel dealer would serve the library. In January 2001, the Board filed a declaratory judgment action asking the superior court to determine the relative authority of the Town and the Board with respect to the operation of the library, and in particular the salary and benefits of the librarian. On April 12, 2002, following a January 2002 evidentiary hearing, the court ruled that Vermont statutory law gives the Town the authority to exercise control over the details of the librarian's employment, including her salary and benefits.

On appeal, the parties debate the primacy of separate statutory schemes concerning the respective powers of the Town and the Board. Our review of these statutes and the question of law determined by the superior court is nondeferential and plenary. See *Thompson v. Dewey's S. Royalton, Inc.*, 169 Vt. 274, 276, 733 A.2d 65, 67 (1999) (questions of law are reviewed on nondeferential and plenary basis); *State v. Koch*, 169 Vt. 109, 112, 730 A.2d 577, 580 (1999) (issues concerning proper construction of statutes are questions of law, and thus are reviewed on nondeferential and plenary basis).

In claiming authority over the librarian's salary and other matters, the Town relies upon three statutes contained in Title 24. The first provides that select boards "shall have the general supervision of the affairs of the town and shall cause to be performed all duties required of towns and town school districts not committed by law to the care of any particular officer." 24 V.S.A. § 872. The second provides that municipalities "may adopt rules relating to personnel admini-

stration, including the following: . . . vacations, . . . salaries." 24 V.S.A. § 1121(a). These personnel rules "may" apply to any and all town employees, but not to employees of a town school district. *Id.* § 1121(b). The third provides that the town manager has the authority (1) to cause to be performed duties required of towns and town school districts not committed to the care of any particular officer; (2) to perform all duties conferred by law upon the select board, except for those specified therein; (3) to purchase all supplies for every town department, except for purchases by departments over which the manager does not have control, which shall be made by requisition through those departments; and (4) to have supervision over all public town buildings. 24 V.S.A. § 1236(1)-(4).

On the other side, the Board relies primarily on 22 V.S.A. § 143(a), which is part of a chapter dedicated to public libraries and, more specifically, a subchapter concerning municipal libraries. Section 143(a) provides that municipal library trustees "have full power to manage the public library, make bylaws, elect officers, establish a library policy and receive, control and manage property which shall come into the hands of the municipality." That section also allows the Board to "appoint a director for the efficient administration and conduct of the library." *Id.* In the Board's view, the language contained in § 143(a) demonstrates that the Legislature intended to give the Board complete authority to manage the library's affairs, which would necessarily include deciding how to allocate funds appropriated to the library and, more particularly, setting the librarian's level of compensation. The Town disagrees, contending that § 143(a) gives the Board the authority to manage only such things as library acquisitions, services, and programs, and that the provisions of Title 24 give the Town the authority to act as the library's purchasing

agent and to oversee library personnel and the library building itself.

When interpreting independent statutory schemes with overlapping subject matters, "we prefer to first look for a construction that will harmonize the seemingly-inconsistent statutes." *Vt. Tenants, Inc. v. Vt. Hous. Fin. Agency*, 170 Vt. 77, 83, 742 A.2d 745, 749 (1999). We also bear in mind the general rules of statutory construction that a specific statute governs over a more general one, *Pearson v. Pearson*, 169 Vt. 28, 36, 726 A.2d 71, 76 (1999), and that a statute enacted later in time generally governs over an earlier statute. *Cent. Vt. Hosp. v. Town of Berlin*, 164 Vt. 456, 459, 672 A.2d 474, 476 (1995). Our ultimate objective, of course, is to implement the intent of the Legislature. *Sagar v. Warren Selectboard*, 170 Vt. 167, 171, 744 A.2d 422, 426 (1999). We achieve that end by examining the language of the statute in question, and, if necessary, the statutory scheme in its entirety, keeping in mind its subject matter, its effect and consequences, and the reason and spirit of the law. *Id.*

Construing the two statutory schemes in this case together, we conclude that the superior court erred in ruling that the Town is authorized to exercise control over the details of the librarian's employment. Title 24 gives town select boards and town managers general supervisory powers over the affairs of their towns, but only to the extent that the duties they assume are not committed by law to others. See 24 V.S.A. § 872; 24 V.S.A. § 1236(1)-(2); see also *L'Esperance v. Town of Charlotte*, 167 Vt. 162, 169, 704 A.2d 760, 764-65 (1997) (select boards have broad power to undertake administrative duties authorized by statutory law concerning town affairs, but Legislature can create exceptions to this broad authority); *Kirchner v. Giebink*, 150 Vt. 172, 174-75, 552 A.2d 372, 374 (1988) (select boards have general supervisory power over town matters, "absent some

specific statutory limitation on their authority").

In this case, there is specific and more recent statutory authority giving library trustees "full power to manage" municipal public libraries. 22 V.S.A. § 143(a). An examination of the entire subchapter on municipal libraries reveals that the Legislature intended the forceful phrase "full power to manage" to mean more than overseeing the acquisitions, services, and programs of the library, as the Town suggests. "A municipality . . . shall appropriate money annually for the maintenance, care and increase of the library in an amount voted at its annual meeting." 22 V.S.A. § 142. As noted, under § 143(a), the board of trustees not only has "full power to manage" the library but may also appoint a director to help administer the library. The trustees must report to the municipality at its annual meeting on, among other things, "the management and expenditure of moneys as have come into their hands." 22 V.S.A. § 144. In the event no trustees have been appointed or elected, "moneys raised for a library shall be paid out by an agent to be appointed by the governing body of the municipality until trustees are elected or appointed." 22 V.S.A. § 145. Considered together, the language of these provisions suggests that the Legislature intended the trustees to have control over the library's budget to manage the affairs of the library. Cf. *In re Jones*, 138 Vt. 223, 229, 415 A.2d 202, 206 (1980) (§ 143(a) gives library trustees "control over expenditures of money only *after* it comes into the hands of the town").

The Legislature could have used the simple infinitive "to manage" in § 143(a), but instead chose the phrase "full power to manage." We assume that, in doing so, the Legislature acted advisedly. See *Payea v. Howard Bank*, 164 Vt. 106, 107, 663 A.2d 937, 938 (1995) ("When construing a statute, we presume that language is inserted advisedly."); cf. 24 V.S.A. § 2656(a) (board of directors of emergency medical services district shall have "full power to manage" conduct of district); 24 V.S.A. § 2432 (trustees of public funds shall have "full power" to invest or dispose of funds owned by town).

Nevertheless, the Town cites 24 V.S.A. §§ 1121(a) and 1236(3)-(4) in support of its position that the Legislature intended to give town officials control over specific administrative duties not mentioned in 22 V.S.A. § 143(a). In our view, neither one of these provisions gives the Town the authority it claims in this case. Under § 1121(a), a municipality is explicitly authorized to adopt rules relating to personnel matters, including vacations and salaries. Those rules "may apply to any or all employees of a municipality, including officers and employees of a fire department or police department maintained by the municipality," but do not apply to employees of a town school district. 24 V.S.A. § 1121(b). According to the Town, the librarian is a town employee because she receives employment benefits through the Town, and thus she is subject to town personnel rules governing salaries, vacations, and other personnel matters. We disagree. The fact that, for the sake of administrative efficiency, the library and Town have agreed to include the librarian as a town employee for purposes of providing employment benefits such as workers' compensation and unemployment insurance does not mean that the Board has relinquished its statutory authority to manage the library and thus set the librarian's compensation.

As for the relative authority of the Board and town manager with respect to purchasing supplies and selecting utilities, the answer, for the most part, is spelled out in *Farmer v. Haley*, 100 Vt. 75, 78-79, 135 A. 12, 13-14 (1926), wherein this Court construed a nearly identical earlier version of § 1236(3)-(4). To the extent that a municipal library can be considered a department of the town, it certainly is not a department over which

the town manager has been given direct control. Accordingly, as with school districts, the town manager's authority is limited to purchasing supplies that the library has deemed necessary and requisitioned. 24 V.S.A. § 1236(3); *Farmer*, 100 Vt. at 78, 135 A. at 14. The same holds true for the purchase of utilities. See *Farmer*, 100 Vt. at 79, 135 A. at 14.

As the Court emphasized in *Farmer*, the overlapping duties of town managers and other municipal entities require a "spirit of cooperation" for the efficient daily administration of the affairs of a town. *Id.* at 80, 135 A. at 14. In this way, library trustees and town managers across the State of Vermont can agree to a wide variety of power-sharing schemes that best suit the needs of each particular town. See The Law of Public Libraries, A Joint Publication of the Office of the Secretary of State and the Vermont Department of Libraries, at 4-6 (Jan. (2000), *www.sec.state.vt.us/municipal/pubs/library.html* (noting that different towns have different power-sharing arrangements with library trustees). But, as in this case, when that spirit of cooperation is lost, the Town cannot, in the name of administrative efficiency, infringe upon the Board's "full power to manage" the library. See 22 V.S.A. § 143(a); *Farmer*, 100 Vt. at 78-79, 135 A. at 14. The Board is directly accountable to the voters of the Town of Hartford. If the townspeople are unhappy with the performance of the library trustees, either because of a lack of administrative efficiency or for any other reason, they may vote the trustees out of office, or they may decide to undertake a system in which the trustees are appointed by town officials rather than elected. See 22 V.S.A. § 143(a) ("The appointment or election of the trustees shall continue in effect until changed at an annual meeting of the municipality.").

*Reversed.*