Clogston v. Burlington Sch. Dist., No. S0851-09 CnC (Toor, J., May 31, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| CAROLYN CLOGSTON and STANLEY CLOGSTON  Plaintiffs | |
| v. | Docket No. S0851-09 CnC |
| BURLINGTON SCHOOL DISTRICT and THE CITY OF BURLINGTON  Defendants | |

RULING ON THE CITY OF BURLINGTON'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs Carolyn and Stanley Clogston allege that, on November 18, 2006, while Carolyn Clogston was walking on a concrete cement sidewalk on the grounds of the Burlington High School to attend her grandson's play, she lost her balance and fell, injuring her neck and both knees. Plaintiffs allege that the concrete sidewalk had deteriorated, and that her fall and her injuries were caused when the cement crumbled and gave way beneath her foot. Plaintiffs allege that the Defendants, the Burlington School District and the City of Burlington, negligently allowed the sidewalk to deteriorate to a point where it had become unsafe.

The City of Burlington (the City) moves for summary judgment on the grounds that (1) the City is not a proper party to Plaintiffs' negligence claims, and (2) the City is entitled to municipal immunity. Plaintiffs and the Burlington School District each oppose the City's motion. Michael J. Gannon, Esq. represents Plaintiffs; Eric A. Johnson, Esq. represents the Burlington Public School District; and Nancy G. Sheahan, Esq. represents the City.

## I. Background

The following facts are derived primarily from the parties' statements and are undisputed except where noted. The City of Burlington is a municipality. The Burlington School District (the District) is a school district operating under the laws of the State of Vermont. Title to the Burlington High School property is in the name of the City. *See* City's Reply to District's Sur-Reply at 3 (filed Apr. 6, 2011).

The City asserts that it does not maintain the sidewalks on the grounds of the Burlington High School, and that the District's Property Services Department is responsible for the inspection and maintenance of school sidewalks and walkways.[1] Plaintiffs and the District each deny the City's assertion "as stated."[2] The District maintains that "[a]t the very least, there is a genuine issue of material fact and/or law as to which Defendant is responsible for maintaining the sidewalks on the grounds of the Burlington High School." District's Resp. to City's Statement of Undisputed Material Facts ¶¶ 5–6 (filed Jan. 31, 2011).[3]

---

[1] In support, the City cites its answers to Plaintiffs' First Set of Interrogatories, in which the City's Director of Public Works and City Engineer, Steve Goodkind, responds to several of Plaintiffs' questions by stating that the City is not responsible for maintaining sidewalks or walkways on school property, and that the District is responsible for that maintenance. The City also cites the District's answers to Plaintiffs' First Set of Interrogatories, in which the District states that it handles all inspection and maintenance responsibilities for the sidewalks and walkways at the Burlington High School.

[2] In their original response, Plaintiffs supplied no citations for this assertion, but wrote: "There remains a genuine issue of material fact as to who maintains the sidewalks in question." Pls.' Resp. to the City's Statement of Undisputed Material Facts ¶¶ 5–6 (filed Feb. 4, 2011). In a "Revised" response filed on March 23, 2011, Plaintiffs continue to deny the City's assertions "as stated," and still do not include any citations to the record, but do include legal argument to the effect that, since the City is the legal owner of the property upon which Burlington High School sits, the City is obligated to use reasonable care to keep the premises in a safe and suitable condition.

[3] In support, the District cites its Memorandum of Law in Opposition to the City's Motion for Summary Judgment (filed Jan. 31, 2011). In that memorandum, the District argues, among other things, that the City owns the property, and that under the City's municipal charter and case law, the City has a duty to maintain suitable schoolhouses and any property the City owns.

2

The court concludes that, although the parties have numerous disputes about the law, the nonmoving parties have not raised any dispute of material *fact*.[4] The court therefore turns to the parties' legal arguments, beginning with the question of whether the City and the District are distinct corporate entities.

### A. The Burlington School District's Legal Status

The City argues that school districts are municipal corporations independent of towns and cities, and thus any liability in this case lies with the District. The District concedes that this argument might have merit if the District were a corporate entity separate and distinct from the City, but argues that the City and the District are a single corporate entity. Specifically, the District asserts that a school district could be an independent corporation if it were actually incorporated as such, but that in this case there is no evidence that the District was ever incorporated separately from the City.

An entity's capacity to sue or be sued depends on its formal legal status. *See* Osier v. Burlington Telecom, No. S1588-09 CnC, slip op. at 6 (Vt. Super. Ct. May 11, 2010) (Toor, J.), available at http://www.vermontjudiciary.org/20062010%20TCdecision cvl/2010-6-18-3.pdf (denying Burlington Telecom's motion to dismiss because the record did not adequately establish whether Burlington Telecom was a subdivision of the City of Burlington or was instead a separate legal entity). As a general matter, a school district may be a separate and distinct corporation from the local governmental unit in which it is located, or, alternatively, it may be one of the agencies of the municipal corporation or

---

[4] For this reason, the court rejects the District's argument that, because discovery has not yet been completed, the City's motion is premature. Although Rule 56 does require "an adequate time for discovery," the Rule does not require that summary judgment motions await completion of discovery. Bushey v. Allstate Ins. Co., 164 Vt. 399, 405 (1995). The District has failed to establish by affidavit that it needs any specific discovery to respond to the motion, as required by Rule 56(f).

even of the state. 16B E. McQuillin, The Law of Municipal Corporations § 46.03 (3d ed.) (WL updated May 2011).[5] Where a school district is simply an agency of the municipality, its acts, within the scope of its agency, and the provisions of the charter, are the acts of the city or town for which the latter alone is responsible. Id.; *see also* id. § 46.09.10 ("School boards and districts are usually authorized to sue and be sued where they constitute a public or corporate body rather than a department of a municipality.").[6] Here, the City of Burlington and the Burlington School District disagree as to whether the District is an agency of the City or is instead separate and distinct from the City.

Vermont's education statutes define "school district" as "town school districts, union school districts, interstate school districts, city school districts, unified union districts, and incorporated school districts." 16 V.S.A. § 11(a)(10); *see also* 16 V.S.A. § 701b; 16 V.S.A. § 4001(10). Thus, in Vermont, the term "school district" may refer to any one of the numerous different organizational structures for educational governance. *See* 16 V.S.A. App'x p. xix (2009) (reprinting the text of Resolution R-453, as adopted by the 2004 General Assembly). From this definition, it seems clear that a "school district" need not necessarily be an *incorporated* school district. *See, e.g.*, 1 V.S.A. § 126 (distinguishing between "town school district" and "incorporated school . . . district"); 1 V.S.A. § 135 (same); 1 V.S.A. § 317(c)(17) (same).

Must a school district be an *incorporated* school district in order to be an entity distinct from the city in which it is located? The position the Plaintiffs and the District

---

[5] McQuillen also notes that "[t]he relationships and status of school boards and school districts vis-à-vis the state and its political subdivisions have been subjects of frequent litigation." Id.

[6] Thus, if Plaintiffs and the District are correct, and the District is merely an agency or department of the City, then the City's motion for summary judgment should be denied, and the District should simultaneously be dismissed as a party-defendant.

4

have adopted is that it must; indeed, that position is the major premise for their legal arguments. *See, e.g.*, District's Opp'n to City's Mot. for Summ. J. at 2 (filed Jan. 31, 2011) ("Certainly, a school district could be an independent corporation, should it actually be incorporated as such."); Pls.' Opp'n to City's Mot. for Summ. J. at 4 (filed Feb. 4, 2011) ("Although the [City] might treat the school district as a separate entity, demonstratively absent from the record is any evidence of the Defendants' undertaking the legal formalities necessary to create such separation."); District's Sur-Reply at 3 (filed Mar. 25, 2011) ("[T]he City . . . assumes that the District is a separate and distinct corporate entity, without providing any actual evidence of incorporation.").

Neither Plaintiffs nor the District have cited any authority that supports their premise. The City, on the other hand, cites several authorities for the proposition that school districts—whether incorporated or not—are municipal corporations independent from towns and cities. *See* 1 V.S.A. § 126 ("'Municipality' shall include a city, town, town school district, incorporated school or fire district or incorporated village and all other governmental incorporated units."); Lewis v. Town of Brandon, 132 Vt. 37, 39 (1973) ("There is no question that a school district is a corporate entity, separate and distinct from the town."); Baird v. Town of Berlin, 126 Vt. 348, 352 (1967) ("The school district is a municipality, 1 V.S.A. § 126, and is a separate corporate entity from the town."); Farmer v. Poultney Sch. Dist., 113 Vt. 147, 148 (1943) ("It is contended by the defendant and conceded by the plaintiff that the defendant is a body corporate, separate and distinct from the town. This is in accord with the holdings of this Court in North Troy School Dist. v. Town of Troy, 80 Vt. 16, 32, 66 A. 1033 [1907], and Farmer v. Haley, 100 Vt. 75, 78, 135 A. 12 [1926].").

5

The court agrees that the plain language of 1 V.S.A. § 126 indicates that a town (or city) school district is a distinct "municipality," capable of suing or being sued. This conclusion comports with Vermont's education statutes. *See* 16 V.S.A. § 551 ("Unless otherwise specifically provided with respect to a class of school district, or in the charter of a city, the laws of this title, the laws pertaining to municipal corporations, and the regulations of the state board shall apply to all school districts." (emphasis added)). Indeed, the Supreme Court has reaffirmed that "[a] school district is defined as a municipal corporation." Conn v. Middlebury Union High Sch. Dist. No. 3, 162 Vt. 498, 500 (1994). This conclusion is also consistent with the Burlington City Charter, which creates a board of school commissioners composed of separately elected commissioners with specifically enumerated duties. *See* 24 V.S.A. App'x ch. 3, §§ 4, 163–171.

In short, incorporation may be necessary to make an incorporated school district distinct from a town or city school district, 16 V.S.A. § 421(a), but the authorities cited above make clear that incorporation is *not* necessary to make a town or city school district distinct from a town or city. This is not, as the District suggests, a magical or otherwise inexplicable occurrence. The Burlington School District is, *by definition*, a separate and distinct corporation from the City of Burlington.

The District's and Plaintiffs' arguments to the contrary are unpersuasive. It is irrelevant that no charter for the District appears in the Appendix to Title 16. The Appendix includes a compilation of the charters of *incorporated* school districts. 16 V.S.A. App'x p. xxiii (2009) (Preface). Because the District is not an incorporated school district, there is no entry for the District in the Appendix. As explained above,

6

however, the District need not be incorporated in order to be a "municipality" in its own right.

The District argues that the City chose not to separately incorporate the District solely in order for the City to continue to exercise "ultimate control" over schools and school properties. Neither party's statement of facts indicates why the City has not separately incorporated the District, but in light of the above analysis, the court concludes that, even if the District is correct about why the City has not done so, that fact is irrelevant. Whether it is a city school district or an incorporated school district, and regardless of the reason for selecting one structure over the other, the District is nevertheless an independent entity by definition. Even assuming the City does control the District, that fact alone would not justify disregarding the separate corporate forms. 1 E. McQuillin, The Law of Municipal Corporations § 2:35 (3d ed.) (WL updated May 2011) ("Where an authority is deemed to have a separate corporate existence, control by a municipality does not justify a veil piercing theory against the municipality.").[7]

### B. Property Ownership, the City Charter, and 19 V.S.A. § 905

Plaintiffs and the District contend that, even assuming the City and the District are separate corporate entities, the Plaintiffs still have a viable cause of action against the City because (1) the City owns the school property; (2) the Burlington City Charter states that the City has a duty to maintain suitable schoolhouses; and (3) Section 905 of Title 19 makes the City's select board responsible for the maintenance of sidewalks within the limits of town highways. The court takes each argument in turn.

---

[7] Nor does the court find relevant the 1866 statute cited by the District for the proposition that it does not exist. The pleadings in this case establish that there is in fact an entity known as the Burlington School District (or the Burlington Public School District). See Complaint ¶ 2, Answer of District, ¶ 2; Answer of City, ¶ 2.

7

## 1. Property Ownership

The District cites <u>Bardwell Motor Inn, Inc. v. Accavallo</u>, 135 Vt. 571 (1977), for the proposition that, as the property owner, the City had a nondelegable duty to keep its premises reasonably safe. For a similar proposition, Plaintiffs cite <u>Menard v. Lavoie</u>, 174 Vt. 479 (2002) (mem.), <u>Seewaldt v. Mount Snow, Ltd.</u>, 150 Vt. 238 (1988), and <u>Garofano v. Neshobe Beach Club, Inc.</u>, 126 Vt. 566 (1967). The City also cites <u>Garofano</u>, but for the proposition that liability turns on control of the premises rather than ownership.

The applicable portions of the Restatement (Second) of Torts, including § 343, discuss the liability of a "possessor of land." A "possessor of land" is:

> (a) a person who is in occupation of the land with intent to control it or
> (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

Restatement (Second) of Torts § 328E. Notably, the Restatement does not couch its discussion of premises liability in terms of the "owner" of land. Thus, "[t]he liability of an occupant of real estate for injuries caused by a dangerous or defective condition of the premises depends generally upon his or her control of the property, whether or not he or she has title to it." 62 Am. Jur. 2d <u>Premises Liability</u> § 6 (WL updated May 2011) (footnotes omitted). Conversely, "a bare title owner of real property, who acquires title merely as an accommodation, is not liable for injuries incurred on the premises where, from the date title is acquired, the premises are occupied by another person who pays the mortgage, taxes, utilities, and maintains the premises." <u>Id</u>.

In short, the relevant inquiry is *control*, not ownership. *See* <u>Garofano</u>, 126 Vt. at 574–75 ("The liability of an owner or occupant of real estate in reference to injuries

8

caused by a dangerous or defective condition of the premises depends in general upon his having control of the property. In fact, such liability depends upon control, rather than ownership, of the premises."). Accavallo, Menard, and Seewaldt do not alter this rule. In Accavallo, the Court noted that the owner and operator of a motor inn had a nondelegable duty to keep its premises reasonably safe. 135 Vt. at 573. In that case, however, there was no question that the hotel owner controlled the exterior door to the inn's main entrance. Neither is there any indication in Menard or Seewaldt that the passing mention of "landowners," 174 Vt. at 480, or "owner," 150 Vt. at 240, was intended to alter the rule rather than describe the parties in those cases. Indeed, the relevant portions of both Menard and Seewaldt include citations to Garofano, without any suggestion that the Court is departing from Garofano.

Here, neither Plaintiffs nor the District have come forward with facts sufficient to prove that the City had "control" of the sidewalk at issue. Aside from the Plaintiffs' and the District's legal arguments that the City is responsible for maintaining the sidewalks on the grounds of the Burlington High School, there are no *facts* that suggest that the City was responsible for the inspection, maintenance and repair of the sidewalks. It is undisputed that the District's Property Services Department has been performing those duties. The court concludes that the mere fact that the title to the Burlington High School property is in the name of the City does not mean that the City had a duty to maintain and repair the sidewalk.

## 2. City Charter

The District argues that, under the plain meaning of § 174 of the Burlington City Charter, the City is responsible for the maintenance of its school grounds. Section 174 provides: "It shall be the duty of said city to provide, equip and <u>maintain</u> suitable schoolhouses for the accommodation of all the public schools of, or required by, said city." 24 V.S.A App'x ch. 3, § 174 (emphasis added). Initially, the court notes that the term "maintain" has six different definitions, only one of which is to care for property and engage in its general repair and upkeep. Black's Law Dictionary 973 (8th ed. 2004). Thus it is not so clear that the term has a "plain meaning." The court looks to the context of the other language in § 174 and in § 167 (which imposes on the board of school commissioners the duty to make ordinary repairs on school property). In that context, the court concludes that one or more of the other meanings was intended in § 174, such as "maintain" in the sense of "to continue" or to "support" financially. In any event, even if § 174 makes the City responsible for caring for and repairing school property, that duty has been delegated to the District by virtue of § 167 (the school board "shall have the care and custody of all property"); see also, 16 V.S.A. § 563(5) (which requires school boards "to keep the school buildings and grounds in good repair . . . and in safe . . . condition).

## 3. 19 V.S.A. § 905

Finally, the District asserts that under 19 V.S.A. § 905, the City has the ultimate duty to maintain its sidewalks, including the sidewalk at the Burlington High School. Section 905 provides as follows:

> The legislative body of a municipality may construct and maintain suitable footpaths, bicycle paths or sidewalks, or any combination of these, within

the limits of town highways where they do not conflict with travel on the highway. Permission may be granted by the agency for the construction and maintenance of these facilities on state highways.

19 V.S.A. § 905. The District argues that the road within the Burlington High School property is a "highway" for the purposes of § 905, and that the City therefore has a duty to maintain the sidewalk in this case. The City contends that § 905 is inapplicable to sidewalks located within the confines of school property; that "municipality" can also be a school district under 1 V.S.A. § 126; and that § 905 is permissive rather than mandatory. The court concludes that regardless of whether the adjoining road is or is not a "highway," § 905 creates no duty to maintain the sidewalk. It merely permits, but does not require, such maintenance.

### III. Conclusion

The court concludes that the City of Burlington and the Burlington School District are two separate legal entities, and further concludes that neither the facts of this case nor any of the legal provisions cited by the Plaintiffs or the District form the basis for any claim against the City. The court therefore does not reach the City's alternative argument that it is entitled to municipal immunity.

### Order

The City's motion for summary judgment is granted. The City of Burlington is dismissed as a party-defendant. The Burlington School District is the remaining defendant.

Dated at Burlington this 31st day of May, 2011.

_____
Helen M. Toor
Superior Court Judge

11