2007 VT 66

**In re ROUTE 103 QUARRY**

[933 A.2d 189]

No. 06-546

_____

\* Although 28 V.S.A. 811(g) has since been repealed, it was in effect at the time of defendant's sentencing. See 1 V.S.A. § 214(b).

¶ 1. July 17, 2007. Neighbors are appealing the Environmental Court's decision granting an amended Act 250 permit that allows appellee J.P. Carrara & Sons, Inc. to dig deeper into its quarry to extract stone. They seek to enforce what they claim is an automatic stay under V.R.C.P. 62(a), which would preclude the quarry from operating under the amended permit during the pendency of their appeal. Based on our conclusion that the Legislature has established discretionary stays with respect to Environmental Court appeals, including appeals to this Court, we remand the matter for the Environmental Court to determine in the first instance whether a stay is appropriate under the relevant criteria.

¶ 2. J.P. Carrara & Sons, Inc. (herein "the quarry") first obtained an Act 250 permit in 1988. Over the past nineteen years, the permit has been amended several times. Most recently, the quarry sought an amended permit to dig deeper into the ground to obtain stone. Neighbors opposed the permit. The local district commission granted a permit but imposed conditions that were unacceptable to the quarry. The quarry appealed, and neighbors cross-appealed, to the Environmental Court. Following a six-day hearing, the Environmental Court granted a permit with conditions that were acceptable to the quarry. Neighbors appealed the decision to this Court. Months after filing their notice of appeal, neighbors asked the Environmental Court to enforce the automatic stay to which they claimed they were entitled during the pendency of their appeal. Without taking a position on whether an automatic stay existed, the Environmental Court ruled that it lacked subject matter jurisdiction to consider neighbors' request for a stay because an appeal had been filed and the case was now before this Court. Neighbors then filed a motion to enforce an automatic stay here, and a single justice granted the motion. Upon

the quarry's renewed motion, we granted review by the full Court.

¶ 3. For the most part, the parties argue over the meaning of V.R.C.P. 62(a). We need not parse the language of that rule regarding automatic stays because we conclude that 10 V.S.A. § 8504(f) controls and establishes discretionary stays in appeals not only to, but also from, the Environmental Court. As part of a comprehensive permit-reform law enacted in 2004, the Legislature created a chapter entitled "Consolidated Environmental Appeals," 2003, No. 115 (Adj. Sess.), § 74, which explicitly governs, in addition to others, "all appeals from an act or decision of the environmental court under this chapter." 10 V.S.A. § 8503(d). One of the express purposes of the chapter is to "[s]tandardize . . . the ability to stay any act or decision upon appeal." *Id.* § 8501(2). The chapter contains a section titled "Appeals to the environmental court," *id.* § 8504, and one entitled "Appeals to the supreme court," *id.* § 8505. Only § 8504 contains a subsection addressing stays, however. That subsection specifies certain situations in which an automatic stay applies, *id.* § 8504(f)(1), none of which exists here, and otherwise provides as follows:

> Upon petition by a party or upon its own motion for a stay of an act or decision, the environmental court shall perform the initial review of the request and may grant a stay. Any decision under this subsection to issue a stay shall be subject to appeal to the supreme court according to the Rules of Appellate Procedure.

*Id.* § 8504(f)(2). On its face, this subsection is written in general language and is not limited to any particular type of proceeding or level of appeal. Indeed, there is a separate stay provision in another chapter of Title 10 dealing with requests for stays in appeals from district commis-

sions to the Environmental Court. 10 V.S.A. § 6086(f).

¶ 4. The fact that § 8504(f)(2) is located within a section entitled "Appeals to the environmental court" does not necessarily govern or limit its reach. Although a title is part of a statute and may be helpful in construing an ambiguous enactment, "it is the substance of the law, rather than the designation or name given to it by the legislative body that is controlling." 2A N. Singer, Sutherland Stat Constr § 47.03, at 140 (5th ed. 1992) (citation omitted). Our ultimate goal, of course, is to determine the intent of the Legislature. *Hartford Bd. of Library Trustees v. Town of Hartford*, 174 Vt. 598, 599, 816 A.2d 512, 515 (2002) (mem.). Notwithstanding the title to § 8504, the subsection on stays contained therein is written in general language that appears to include Environmental Court appeals to this Court. Further, the section explicitly dedicated to Supreme Court appeals — § 8505 — does not contain a subsection on stays, but rather addresses only the basic perimeters of who may appeal what. We find it highly unlikely that the Legislature intended to establish discretionary stays only in appeals to the Environmental Court, but elected, by default, to make appeals from the Environmental Court to this Court subject to the general civil rule of procedure on stays. Rather, we conclude that, notwithstanding the title of § 8504, the subsection on stays contained therein applies to appeals both to and from the Environmental Court within the context of that chapter.

¶ 5. Our conclusion is supported by prior Act 250 law. Before the Legislature dissolved the Environmental Board in 2005, a board rule, later ratified by the Legislature, precluded automatic stays of board decisions under appeal. By rule, parties aggrieved by a decision of the board could seek a discretionary stay before the board, notwithstanding an appeal to this Court. See 10 V.S.A. § 8504(m)

("Prior decisions of the environmental board . . . shall be given the same weight and consideration as prior decisions of the environmental court."). Moreover, the Natural Resources Board, which replaced the Environmental Board, has proposed a similar rule for stay requests before the district environmental commissions. Similarly, as noted, the chapter in Title 10 concerning Act 250 provides for discretionary stays in appeals from district commissions to the Environmental Court. 10 V.S.A. § 6086(f). We find no support for the notion that the Legislature intended to impose discretionary stays in all aspects of Environmental Court appeals, except for appeals from that court to the Supreme Court, which, by default, would be governed by V.R.C.P. 62(a). In concluding that the Legislature intended the subsection on stays to apply to all Environmental Court appeals governed by the chapter, including appeals to this Court, we bear in mind the general rule of statutory construction "that a specific statute governs over a more general one." *Hartford Bd. of Library Trustees*, 174 Vt. at 599, 816 A.2d at 515; see *Town of Brattleboro v. Garfield*, 2006 VT 56, ¶ 10, 180 Vt. 90, 904 A.2d 1157 ("[W]here two statutes deal with the same subject matter, and one is general and the other specific, the more specific statute controls.").

¶ 6. In short, a party seeking a stay of an order issued by the Environmental Court pending an appeal to this Court must seek the stay, in the first instance, from the Environmental Court, see 10 V.S.A. § 8504(f)(2); V.R.A.P. 8, which must examine the traditional criteria, and other relevant factors, in determining whether to grant or deny the stay. See *Gilbert v. Gilbert*, 163 Vt. 549, 560, 664 A.2d 239, 245 (1995) (listing stay criteria).

*The matter is remanded to the Environmental Court to consider appellants' request for a stay of its November 22, 2006 decision pending their appeal to this Court; a stay will remain in place until the Environmental Court resolves appellants' motion, which shall be filed within twenty-one days of the date of this entry order.*