**State of Vermont**
**Superior Court - Environmental Division**

========================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
========================================================================

<u>In re Lathrop Limited Partnership I</u>                                    **Docket No. 122-7-04 Vtec**
**(Appeal of Rueger et al of Bristol DRB Approval)**

<u>In re Lathrop Limited Partnership II</u>                                   **Docket No. 210-9-08 Vtec**
**(Appeal of Lathrop Limited Partnership of DRB Denial)**

<u>In re Lathrop Limited Partnership Act 250 Permit</u>                       **Docket No. 136-8-10 Vtec**
**(Appeal of Lathrop Limited Partnership of Act 250 Denial)**

Title: Motion for Declaration that Automatic Stay Applies, and if it does not, Motion for Stay Pending Appeal (Filing No. 21)

Filed: November 14, 2013

Filed By: Appellants/Interested Persons Russell Rueger et al.

Response in Opposition filed on 12/5/13 by Applicant Lathrop Limited Partnership

Supplemental Response filed on 02/06/14 by Interested Persons Rueger et al.


___ Granted                              <u>X</u> Denied                              ___ Other

     A group of neighbors ("Neighbors") to Lathrop Limited Partnership's proposed gravel extraction operation ask this Court to declare that our October 18, 2013 merits decision and judgment order are automatically stayed pending Neighbors' appeal to the Vermont Supreme Court. In the alternative, Neighbors ask for a stay pursuant to our discretionary power. 10 V.S.A. § 8504(f).

## **Motion for Declaration of Automatic Stay**

     We first address Neighbors' argument that the October 18 decision is automatically stayed pending appeal. In 2007, the Vermont Supreme Court held that 10 V.S.A. § 8504(f), rather than Vermont Rule of Civil Procedure 62, governs automatic stays in appeals from the Environmental Division. <u>In re Route 103 Quarry</u>, 2007 VT 66, ¶ 3, 182 Vt. 569. Neighbors argue that <u>Route 103 Quarry</u> does not control because Vermont Rule for Environmental Court Proceedings 5(k) has superseded that statute. We decline to adopt Neighbors' reasoning.

     V.R.E.C.P. 5(k) provides that Vermont Rules of Appellate Procedure apply to appeals from the Environmental Division to the Vermont Supreme Court. Rather than establishing a different rule for automatic stays, however, Vermont Rule of Appellate Procedure 8 refers to V.R.C.P. 62. Thus the question is still whether Rule 62 acts to automatically stay a decision of the Environmental Division pending an appeal to the Supreme Court. <u>Route 103 Quarry</u>, decided while V.R.E.C.P. 5(k) was in effect, answered this question in the negative. Although the argument proposed by Neighbors was not raised in that case, we conclude that if the

Supreme Court intended its promulgation of V.R.E.C.P. 5(k) to supersede the plain language of § 8504(f), it would have stated so in that decision. In reaching this conclusion, we note that Neighbors' argument seems circuitous, since our Rule 5(k) does not establish the automatic stay that they seek. To arrive at the Rule provision that most closely speaks to an automatic stay, Neighbors' argument travels from our Rule 5(k), then to V.R.A.P. 8, and then to V.R.C.P. 62(d). That Civil Rule does not speak directly to automatic stays when appeals are taken from Environmental Division determinations.

Judgments from the Civil Division that are subject to an automatic stay are often monetary judgments. In fact, V.R.C.P. 62(d) notes that automatic stays do not apply to injunctive (i.e.: non-monetary) relief. Here, the automatic stay that Neighbors request is not of a monetary judgment, but rather Lathrop's legal authority to develop property, subject to certain permits and conditions. We conclude that our judgment is more akin to the non-monetary judgments that the Supreme Court specifically chose not to be subject to an automatic stay under V.R.C.P. 62(d). We therefore conclude that an automatic stay under that Rule does not apply to our merits decision and judgment order.

Thus, because the Supreme Court's binding precedent dictates that stays of Environmental Division decisions are governed by § 8504(f) and because this judgment is not automatically stayed by applicable statute or Rule, we must **DENY** Neighbors' motion for a declaration that an automatic stay applies.

### Motion for Stay Pending Appeal

Neighbors also ask the Court to exercise its discretionary power under 10 V.S.A. § 8504(f)(2) and stay our merits decision and judgment order pending appeal. As the Supreme Court noted in Route 103 Quarry, absent an automatic stay, this Court "must examine the traditional criteria, and other relevant factors, in determining whether to grant or deny the stay." 2007 VT 66, ¶ 6 (citing Gilbert v. Gilbert, 163 Vt. 549, 560 (1995) (listing stay criteria)). "To prevail on a motion for stay, the moving party must demonstrate: (1) a strong likelihood of success on the merits; (2) irreparable injury if the stay is not granted; (3) the stay will not substantially harm other parties; and (4) the stay will serve the best interests of the public." Gilbert, 163 Vt. at 560.

For the purposes of this analysis we find that Neighbors have met the minimum burden required to show a likelihood of success on the merits. As this Court has recognized before, when considering a motion for stay, "we bring the 'likelihood of success on the merits' standard into play as a test only when the movant's appeal 'is so tenuous that its invalidity is suggested on the face of the matter, or the [appeal] smacks of bad faith or frivolousness.'" In re Howard Center Renovation Permit, No. 12-1-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2013) (Walsh, J.) (citing Petition of Allied Power & Light Co., 132 Vt. 554, 556 (1974)). While we do not agree with Neighbors' assertion that likelihood of reversal on appeal is extraordinarily high, or even strong, we do not pretend to be assured that our determinations will withstand all of Neighbors' challenges.[1] We therefore find that this element has been met for the purposes of determining whether a stay is appropriate.

---

[1] Neighbors' most recent filing also supports our approach to this element of the discretionary stay analysis, although we disagree with Neighbors' assessment of the Supreme Court's recent decision in In re Chaves, 2014 VT 5, available at http://info.libraries.vermont.gov/supct/current/op2013-069.html. In fact, the circumstances surrounding the developer's change of the location for the access road in Chaves

Neighbors, however, have failed to establish that they will suffer irreparable injury if the stay is not granted. Regarding this factor, we consider whether the injuries the movant alleges are likely and whether they would have an adequate remedy at law for those injuries. In re Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. July 6, 2011) (Durkin, J.) Neighbors argue that noise and dust caused by the initial phases of Lathrop's development and an increase in truck traffic will irreparably injure their interests. However, they have failed to show either that these injuries are likely to occur or that, should they occur, the Neighbors would have no adequate remedy at law if they succeed on appeal. Neighbors allege no lasting and irreparable damages caused by the implementation of the initial stages of the proposed development, much of which includes improvements to the public roadway (South Street) and initial site preparation work. We conclude that any diminution in Neighbors' use and enjoyment of their property during these initial site improvements, should their appeal be successful, could be remedied by money damages, if warranted.

We also note that any action Lathrop may take on the permits ordered in our decision is at its own substantial risk. If Neighbors' appeal is successful, Lathrop could be required to remediate the site following any such work. Any noise, dust, and truck traffic would also come to an end. Therefore, Neighbors have failed to establish that they will suffer irreparable injury if a stay is not granted.

The third element also fails to support granting a stay. The work that Lathrop proposes to undertake during the appeal generally includes construction of South Street improvements, remediation of the former unpermitted gravel pit, construction of the access road, and possibly gravel extraction in the "woods section," where impacts on Neighbors will be minimal. Lathrop argues that it will be much more convenient to undertake the initial roadwork while the South Street Bridge remains closed and under repair, thereby reducing traffic on South Street. While missing this opportunity may not rise to the level of "substantial harm" for Lathrop, we do recognize that the prudence of undertaking the South Street improvements while traffic is minimized weighs against granting a stay.

Lathrop represents that much of the initial work, specifically the South Street improvements and the remediation, will be beneficial to the public even if the project is ultimately denied on appeal. Neighbors do not counter these representations. Instead they argue that the public interest is served by granting a stay because doing so upholds the process of law. Apart from reiterating what they view to be negative impacts of the project, none of which are irreversible, Neighbors argue that because our decision incorrectly applied the relevant laws and further review will be necessary after their successful appeal, a stay is in the public interest. Presumably every appellant seeks to uphold the law by challenging what they view to be incorrect legal conclusions by a trial court. We conclude that this broad "public interest" is insufficient to grant a stay.

Because Neighbors cannot establish all four elements required for the granting of a discretionary stay, we **DENY** Neighbors' motion for a stay pending appeal under 10 V.S.A. § 8504(f)(2).

---

is quite similar to the revisions made to the Lathrop project plans. In both cases, the interested persons concerned about each proposed project received prior notice of the access road relocation and an opportunity to be heard at trial.

_____        ___February 11, 2014___
       Thomas S. Durkin, Judge                            Date

==========================================================================

Date copies sent: _____                               Clerk's Initials: _____
Copies sent to:
  Service List