STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                       Docket No. 123-9-13 Vtec

| Moore 3 Lot Subdivision |
|---|

## ENTRY REGARDING MOTION

Title:        Motion to Stay Construction (Motion 7)
Filer:        James F. Nagle
Attorney:     Pro Se
Filed Date:   June 30, 2014

Response in opposition filed on 07/16/2014 by Attorney Daniel C. Burke for Appellees
Memorandum of Law in Support of Motion to Stay filed on 07/18/2014 by James F. Nagle,
Appellant

**The Motion is DENIED.**

The pending appeal relates to an application by James and Mia Moore to subdivide a single 6.27 acre lot into three lots. The City of Montpelier Development Review Board (DRB) approved the application and neighboring property owner, James Nagle appeals. Mr. Nagle now asks this Court to stay certain construction and development activities related to the subdivision approval while the appeal is pending.

The Court has discretion to issue a stay pursuant to Vermont Rule for Environmental Court Proceeding 5(e). Absent an automatic stay, this Court "must examine the traditional criteria, and other relevant factors, in determining whether to grant or deny the stay." In re Route 103 Quarry, 2007 VT 66, ¶ 6 (citing Gilbert v. Gilbert, 163 Vt. 549, 560 (1995) (listing stay criteria)). "To prevail on a motion for stay, the moving party must demonstrate: (1) a strong likelihood of success on the merits; (2) irreparable injury if the stay is not granted; (3) the stay will not substantially harm other parties; and (4) the stay will serve the best interests of the public." Gilbert, 163 Vt. at 560.

Regarding the first element, "we bring the 'likelihood of success on the merits' standard into play as a test only when the movant's appeal 'is so tenuous that its invalidity is suggested on the face of the matter, or the [appeal] smacks of bad faith or frivolousness.'" In re Howard Center Renovation Permit, No. 12-1-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2013) (Walsh, J.) (citing Petition of Allied Power & Light Co., 132 Vt. 554, 556 (1974)). Mr. Nagle's appeal meets this low standard.

Mr. Nagle has, however, failed to establish that he will suffer irreparable injury if the stay is not granted. Regarding this factor, we consider whether the injured party would have an adequate remedy at law for those injuries. In re Allen Road Land Co., Nos. 62-4-11 Vtec and 63-4-11 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. July 6, 2011) (Durkin, J.). Mr. Nagle alleges that the proposed construction has already caused destruction of certain trees, that excavation work has caused erosion, and that further excavation will increase the chance of erosion. The

excavation work at issue is located in the right of way shared by the parties. The Moores indicate that the construction in that right of way is complete and no further construction is contemplated. Even if construction were to continue, however, we find that the injuries alleged are not irreparable. Any damage caused to property owned by Mr. Nagle could be remedied through money damages or specific performance and the land could be returned to its pre-construction state. We do note that any action the Moores take in reliance on the DRB approval they take at their own risk. If Mr. Nagle's appeal is successful, the Moores could be required to remediate the site.

The third element also fails to support granting a stay. The work the Moores have undertaken to date appears to be a widening of the right of way required by prior subdivision approvals and work to prepare for utility connections. Impacts from this limited construction on Mr. Nagle's interests do not seem to be substantial. While Mr. Nagle argues that even minor erosion can negatively affect state watercourses, he does not articulate how he will suffer any substantial harm.

Finally, the stay, if granted, must support the best interest of the public. While Mr. Nagle alleges that the construction is causing erosion into certain watercourses, there is little indication that the construction complained of will cause substantial or irreversible harm. Thus, the stay is not necessary to protect any public interest.

Because Mr. Nagle cannot establish all four elements required for a discretionary stay, we **DENY** his motion to stay construction.

Electronically signed on July 28, 2014 at 11:58 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division


Notifications:
Appellant James F. Nagle
Diane M. Sherman (ERN 4340), Attorney for Interested Person City of Montpelier
Daniel C. Burke (ERN 3913), Attorney for Appellee James Moore
Daniel C. Burke (ERN 3913), Attorney for Appellee Mia Moore