STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| | Docket No. 124-9-17 Vtec |

| | |
|---|---|
| Katzenbach Act 250 Permit | DECISION ON THE MERITS |

Christian Katzenbach and his son, Clark Katzenbach, seek a permit to operate a three-acre commercial sand and gravel pit on Mr. Katzenbach's West Griggs Road property in Albany, Vermont. On August 29, 2017, the District #7 Environmental Commission (District Commission) issued Act 250 Permit #7R1374 for the pit. On September 27, 2017, neighboring property owners Rebecca Beidler and Jeffrey Ellis—individually and d/b/a Peace of Earth Farm—Mimi Aoun, and Judy Valley (together, Appellants) timely appealed to this Court.

The Court conducted a single-day trial on November 13, 2018, at the Orleans County Courthouse in Newport, Vermont.[1] We conducted a site visit after trial on the same day. Mr. Katzenbach represented himself at trial. Appellants were each self-represented.[2] The Vermont Natural Resources Board was represented by Attorney Gregory Boulbol, Esq.

Based upon the evidence presented at trial, and placed into context through the site visit, the Court makes the following Findings of Fact and Conclusions of Law.

**Findings of Fact**

1.      Christian Katzenbach owns a 109-acre tract located on West Griggs Road in Albany, Vermont (Property).

---

[1] Before trial, Mr. Katzenbach filed a motion requesting that this Court exclude Appellants' expert witness, Les Blomberg, from trial. This Court denied Mr. Katzenbach's motion in our June 19, 2018 Scheduling Order. Despite this, Mr. Blomberg did not appear at trial.

[2] At the beginning of the proceedings before this Court, Appellants were represented by Attorney Stephen Coteus, Esq., with Attorney Paul Gillies, Esq., acting as co-counsel. Appellants filed a motion to dismiss their attorneys and counsel asked for leave to withdraw the week before trial on November 6, 2018. After a November 8, 2018 hearing on the motion, this Court granted counsel leave to withdraw on the record.

2. Mr. Katzenbach and his son, Clark Katzenbach, currently operate a three-acre sand and gravel pit on the Property. This is the pit for which they seek an Act 250 permit. Clark Katzenbach testified on Mr. Katzenbach's behalf for most of the trial.

3. The precise location of the pit on the Property is unclear. It is somewhere on the west side of the Property, near West Griggs Road.

4. As proposed, the pit will operate from 6:30 AM to 6:00 PM, Monday through Friday. On Saturday, it will operate from 7:00 AM to 1:00 PM. The pit will not operate on Sundays.

5. The pit will operate seasonally, from April 1st to December 15th of each year.

6. Mr. Katzenbach plans to crush gravel on-site two weeks out of every year.

7. The pit currently sees zero to seven one-way truck trips per day.

8. Mr. Katzenbach seeks permission for 20 one-way truck trips per day.

9. Mr. Katzenbach owns some of the trucks currently making trips from the pit. The Town of Albany (Town) and other third-parties also own trucks that travel to the pit.

10. Mr. Katzenbach placed mufflers on his trucks to mitigate noise and air quality impacts. Other trucks traveling to and from the pit do not necessarily have mufflers.

11. Mr. Katzenbach does not cover his trucks unless, in his opinion, they might disperse dust.

12. Trucks departing the pit currently enter and exit using West Griggs Road, which provides access to Vermont Route 14. The entrance to the pit is about a quarter mile down West Griggs Road.

13. West Griggs Road is a Class 4 road, which means it is minimally maintained by the Town. See 19 V.S.A. § 302(b).

14. Under the permit approved by the District Commission, Mr. Katzenbach will be responsible for reconstructing and maintaining West Griggs Road. Reconstruction will include widening segments of the road and rehabilitating the water bars beside the road to avoid washouts.

15. Mr. Katzenbach's maintenance responsibilities as laid out by the District Commission include spraying West Griggs Road with calcium chloride to reduce dust. Pursuant to this obligation, Mr. Katzenbach and Clark Katzenbach sprayed the road with calcium chloride twice in 2018.

2

16.     Mr. Katzenbach bears the responsibility of placing signs on West Griggs Road, including a stop sign and a sign regarding truck traffic.

17.     The Town will monitor Mr. Katzenbach's reconstruction and maintenance of West Griggs Road.

18.     Trucks also use Delano Road, south of the pit.

19.     The Katzenbachs claim that the Town's nearby sand and gravel pit will close in two to five years. After closure, according to the Katzenbachs, the Town will rely on their pit. The Town is primarily responsible for trucks traversing Delano Road, which leads to the Town's garage on Center Hill Road. Other trucks typically use West Griggs Road to reach Route 14.

20.     There is another road that gives access to the pit, but Mr. Katzenbach does not believe it could be developed to support truck traffic because it passes through wetlands on the Property.

21.     Ms. Valley resides at 50 West Griggs Road. Her bedroom is about 8 feet from the road. She occasionally rents out a separate structure on her property through Airbnb.

22.     Ms. Beidler and Mr. Ellis's home and business are located at 43 West Griggs Road.

23.     Ms. Beidler and Mr. Ellis operate a diversified vegetable farm on their property. They plan to cease operations if truck traffic from the pit is not mitigated because they believe the truck emissions will settle and contaminate their soils.

24.     They do not have primary agricultural soils on their property, but they are working to improve the soils.

25.     They have halted a plan to keep pigs on their property due to the dust and disturbance they believe passing trucks do and will cause.

26.     Ms. Aoun lives at 724 Delano Road in Irasburg, Vermont.

27.     The Town of Albany has not adopted any zoning regulations or a municipal plan.

28.     The District Commission issued Mr. Katzenbach's permit on August 29, 2017.

29.     Appellants timely appealed to this Court on September 27, 2017.

## Conclusions of Law

This Court reviews appeals from District Commission decisions de novo. 10 V.S.A. § 8504(h). Our de novo review is limited to the issues Appellants preserved in their Statement of Questions. V.R.E.C.P. 5(f); In re Garen, 174 Vt. 151, 156 (2002) (citing Vill. of Woodstock v.

<u>Bahramian</u>, 160 Vt. 417, 424 (1993)).  The Act 250 criteria Appellants have preserved for our review in this appeal are:

    a.  Criterion 1, concerning water or air pollution;

    b.  Criterion 1(A), concerning headwaters;

    c.  Criterion 1(D), concerning floodways;

    d.  Criterion 1(E), concerning streams;

    e.  Criterion 4, concerning soil erosion and the ability of the land to retain water;

    f.  Criterion 5, concerning traffic and transportation;

    g.  Criterion 8, concerning aesthetics and the scenic or natural beauty of the area; and

    h.  Criterion 9(B)(i), concerning primary agricultural soils.[3]

See 10 V.S.A. § 6086.

With these Criteria in mind, we consider the burdens of proof, which are central to our ultimate conclusion in this matter.

The burden of proof consists of both a burden of production and a burden of persuasion. See <u>In re Route 103 Quarry</u>, No. 205-10-05 Vtec, slip op. at 8 (Vt. Envtl. Ct. Nov. 22, 2006) (Durkin, J.), *remanded on other grounds by* 2007 VT 66, 182 Vt. 569, *and aff'd*, 2008 VT 88, 184 Vt. 283. The burden of production requires the burdened party to "produce sufficient evidence for a district commission, or this Court on appeal, to make a factual determination," while the burden of persuasion obligates the burdened party to persuade the fact finder that certain facts are more likely true than not.  <u>In re Eastview at Middlebury, Inc.</u>, No. 256-11-06 Vtec, slip op. at 4 (Vt. Envtl. Ct. Feb. 15, 2008) (Durkin, J.) (citing <u>In re Denio</u>, 158 Vt. 230, 237-39 (1992)), *aff'd*, 2009 VT 98, 187 Vt. 208.

Section 6088 of Title 10 specifically assigns the burden of *persuasion* for each Act 250 criterion to either applicants or to opponents of the application.  See <u>Eastview at Middlebury</u>, No. 256-11-06 Vtec at 4 (Feb. 15, 2008).  Applicants bear the burden of persuasion on Criteria 1,

---

[3] In a December 7, 2017 Entry Order, this Court resolved a motion concerning the party status of Appellants under several of these criteria.  We concluded that Ms. Aoun has party status under all of the criteria enumerated above except Criteria 1(A) and 9(B)(i).  Ms. Valley has status under all the criteria listed except Criterion 9(B)(i).  Only Ms. Beidler and Mr. Ellis had party status under all of the above criteria, including Criterion 9(B)(i).  Appellants each moved for party status under Criterion 9(L), regarding Vermont's historic settlement patterns, but we concluded that none of them were eligible to appeal under that Criterion.

2, 3, 4, 9, and 10. 10 V.S.A. § 6088. Parties opposing an application bear the burden of persuasion for Criteria 5 through 8. Id.

Applicants, however, always bear the burden of *production* and must offer the fact finder "evidence sufficient to enable [the district commission or this Court] to make the requisite positive findings on all of the criteria." In re Rinkers, Inc., No. 302-12-08 Vtec, slip op. at 11 (Vt. Envtl. Ct. May 17, 2010) (Wright, J.) (quotation omitted). Said another way, an applicant must meet his or her burden of production for each criterion by establishing a "prima facie case on each of the elements." In re Champlain Parkway Act 250 Permit, 2015 VT 105, ¶ 15, 200 Vt. 158 (quoting State v. Baker, 154 Vt. 411, 414 (1990)).

As a threshold matter, we conclude that Mr. Katzenbach has failed to meet his initial burden of production for all of the criteria under review. He provided this Court with general background about the area around the pit, the proposed means and manner of pit operation, and the steps taken thus far to comply with the District Commission's permit conditions, like applying calcium chloride to West Griggs Road. But neither he nor Clark Katzenbach, who spoke on his behalf for most of the trial, directly addressed the specific Act 250 criteria at issue or adduced evidence that would enable this Court to make a positive finding under any of the criteria.

For instance, under Criterion 1 applicants must show that their project will not result in "undue water or air pollution." 10 V.S.A. § 6086(a)(1). Whether pollution rises to the level of "undue" is a highly factual inquiry dependent on "the nature and amount of the pollution, the character of the surrounding area, whether the pollutant complies with certain standards or recommended levels, and whether effective measures will be taken to mitigate the pollution." In re Rivers Dev., Nos. 7-1-05 Vtec, 68-3-07 Vtec, slip op. at 14-15 (Vt. Envtl. Ct. Mar. 25, 2010) (Durkin, J.) (quoting In re McClean Enters. Corp., No. 2S-1147-1-EB, Findings of Fact, Conclusions of Law, and Order at 41 (Vt. Envtl. Bd. Nov. 24, 2004)).

While Mr. Katzenbach mentioned the dust covers he occasionally places on his trucks and the calcium chloride he applied to the road, he did not provide us with any direct information on the nature or degree of the dust problem, whether there are other air quality concerns, or how the area is impacted. While there are indications in the record that Mr. Katzenbach and,

5

separately, Appellants intended to commission a noise study, neither party presented admissible evidence of noise levels at trial.[4]  Mr. Katzenbach also did not address concerns related to water quality other than to say he plans to rehabilitate the water bars alongside West Griggs Road.  We do not have the evidence needed to support a highly factual inquiry.  See In re Appeals of Willey, Nos. 55-4-10 Vtec, 56-4-10 Vtec, slip op. at 6-9 (Vt. Super. Ct. Envtl. Div. Feb. 23, 2011) (Wright, J.) (discussing incomplete Act 250 application).  We reach the same conclusion for each of the relevant criteria.

Evidence enabling us to make a positive finding on any of these criteria did not necessarily have to come from Mr. Katzenbach.  An applicant can be relieved of its burden of production even if the necessary proof is introduced by an appellant.  See Denio, 158 Vt. at 237 (citing Burroughs Corp. v. Rocky Mountain Prestress, Inc., 431 F.2d 1185, 1187 (10th Cir. 1970)) (discussing Act 250 burden of production).  Here, however, we did not receive information from either side that could serve as a basis for decision on the relevant criteria.

Our conclusion remains unchanged for issues raised pursuant to Criteria 5 and 8, concerning traffic issues and aesthetics, respectively.  Even though Appellants bore the burden of persuasion for these Criteria, "the applicant has the initial burden of production."  Champlain Parkway, 2015 VT 105, ¶ 15 (affirming that applicants met burden of production under Criterion 5 with "detailed traffic-study report").  Mr. Katzenbach provided us with nothing beyond an estimate of less than 20 one-way truck trips per day and a general description of the different roads implicated by his operations.  He did not relate the details of the operation to the requirements of Criteria 5.  Mr. Katzenbach also did not mention aesthetic issues at any point during the trial.  Mr. Katzenbach, therefore, failed to meet his initial burden of production.  Accordingly, the burden of persuasion did not transfer to Appellants under either Criteria.

A review of the District Commission decision reveals that Mr. Katzenbach presented more, and more concrete, evidence to the District Commission than to this Court at trial.  For example, Clark Katzenbach briefly mentioned that Mr. Katzenbach presented ANR permits to the District Commission, but he did not go into detail or provide this Court with the permits.  This

---

[4] Ms. Aoun offered a home-video recording of a truck passing her home on Delano Road to demonstrate noise levels.  Given a lack of assurance as to the reliability of the recording's volume, this Court ultimately declined to admit the video or its audio.

Court's collection and review of evidence is not cumulative.  See <u>In re Bennington Wal-Mart Demolition/Constr. Permit</u>, No. 158-10-11 Vtec, slip op. at 9 (Vt. Super. Ct. Envtl. Div. Aug. 17, 2012) (citing <u>In re Green Peak Estates</u>, 154 Vt. 363, 372 (1990)).  Certain ANR permits create a rebuttable presumption that the application meets the relevant Act 250 criteria.  <u>In re Harvey & West 65-Unit Campground Act 250 Application</u>, No. 110-7-10 Vtec, slip op. at 9 (Vt. Super. Ct. Envtl. Div. Nov. 9, 2011) (Wright, J.) (citing 10 V.S.A. § 6086(a)(1)(B), (a)(4); Act 250 Rule 19(E)(1)(a), (E)(6)).  But applicants cannot get the benefit of this presumption if those collateral permits are not introduced into evidence before this Court.[5]

Pursuant to 10 V.S.A. § 6087(c), Mr. Katzenbach has the opportunity to apply for reconsideration of his permit within six months of this decision after supplementing his application with evidence of his compliance with the relevant criteria.  See <u>In re Times & Seasons, LLC, Act 250 Reconsideration</u>, No. 45-3-09 Vtec, slip op. at 7-8 (Vt. Envtl. Ct. Mar. 29, 2010) (Durkin, J.) (discussing Act 250 application for reconsideration), *aff'd*, 2011 VT 76, 190 Vt. 163.  In so doing, he is limited to correcting the general deficiencies we outline here.  <u>Id</u>. at 8 (citation omitted).

## Conclusion

For the reasons detailed above, we **DENY** Mr. Katzenbach's application for an Act 250 permit.  Mr. Katzenbach did not meet his initial burden of production for any of the criteria relevant to this appeal.

This concludes the matter before the Court.  A Judgment Order accompanies this Decision.

Electronically signed on January 02, 2019 at 09:33 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[5] This is not to suggest that submission of the permits would alone cure the deficiencies in Mr. Katzenbach's application.